# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY SOURBRINE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 20-CV-0067 |
| DAVID BYRN,<br>WARDEN DELAWARE COUNTY,<br>    Defendant. | :<br>:<br>: |

FILED

FEB - 5 2020

_____ARKMAN, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                                                                                                                                   FEBRUARY 5TH, 2020

        Plaintiff Henry Sourbrine, a prisoner at the George W. Hill Correctional Facility, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 naming David Byrn as a Defendant in his individual and official capacities.[1] Sourbrine seeks leave to proceed in *forma pauperis*. For the following reasons, Sourbrine will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS

        Sourbrine, a pretrial detainee, avers that he been denied property without being afforded due process of law. (ECF. No. 2 at 3-4.)[2] Specifically, Sourbrine asserts that when he was arrested and detained at the George W. Hill Correctional Facility on November 4, 2019, his inmate account was assessed a $100 booking fee "according to local statute." (*Id.* at 4.) Thereafter, following a series of deposits into his inmate account from outside sources during the

---

[1] Although the caption of the Complaint names "David Byrn Warden Delaware County," the Court notes that the second page of Sourbrine's Complaint identifies David Byrn as the Warden of the George W. Hill Correctional Facility.

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

months of November and December, the $100.00 booking fee was incrementally withdrawn from his inmate account and satisfied in December 2019. (*Id.*) Sourbrine has filed this Complaint asserting that his

> rights to due process as declared in the Fifth Amendment of the United States Constitution, and ensured to [him] by the Fourteenth Amendment of the United States Constitution in that [he is] being denied property without being afforded due process of law. That is to say $100.00 booking fee is confiscated without notice or hearing.

(*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Sourbrine leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence the civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Sourbrine is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] However, as Sourbrine is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Complaint fails to state a claim as pled.

### A. Claims Based on Financial Charges

Sourbrine's allegations are premised on the fact that GEO Corporation, which currently operates the George W. Hill Correctional Facility, charges a $100 booking fee upon processing an inmate. In *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410 (3d Cir. 2000), the United States Court for the Third Circuit considered constitutional challenges to a program that required inmates to pay toward their living expenses. The plaintiff in that case was assessed a fee of $10.00 per day for housing costs associated with his incarceration in accordance with the prison's "Cost Recovery Program." Upon his release from prison, he had accrued a debt in excess of $4,000.00 as a result of being required to share in the costs of his incarceration. He claimed, among other things, that the Cost Recovery Program violated the Eighth Amendment and the Due Process Clause.

The *Tillman* court held that prison officials could, consistent with the Constitution, deduct monies from inmates' accounts to recover some of the costs of their imprisonment. *Id.* at 417-23. The charged fees did not violate the Eighth Amendment because "[the plaintiff] was never denied room, food, or other necessities," and his sentence was not extended due to his inability to pay. *Id.* at 419. Additionally, the court found no violation of substantive or procedural due process. With respect to procedural due process, the court explained that pre-deprivation hearings are not required for deductions that "involve routine matters of accounting, with a low risk of error" such as payments related to the Cost Recovery Program. *Id.* at 422; *see*

3

*also Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 484 (3d Cir. 2014) ("When deductions from inmate accounts involve 'routine matters of accounting' based on fixed fees or where temporal exigencies require immediate action, pre-deprivation hearings are not required." (quoting *Tillman*, 221 F.3d at 422.)).

Since *Tillman*, courts have routinely rejected constitutional challenges to prison programs that require inmates to share in the cost of their incarceration. *See Williamson v. Northampton Cty. Prison*, Civ. A. No. 12-2333, 2012 WL 1656291, at *2 (E.D. Pa. May 9, 2012) (rejecting challenge to prison's deduction of half of prisoner's deposit for room and board where"[n]othing in the complaint suggests that plaintiff would be subject to a longer sentence or that he would be denied basic human needs if he did not pay a certain amount of money toward his room and board"); *Hohsfield v. Polhemus*, Civ. A. No. 11-3007, 2012 WL 603089, at *4 (D.N.J. Feb. 23, 2012) ("'User fees', similar to the one at issue here [a booking fee and daily $20.00 housing fee], have been determined to be nominal surcharges and non-punitive, and therefore, they do not violate due process"); *Firestone v. Rockovich*, Civ. A. No. 17-2116, 2018 WL 347728, at *2 (M.D. Pa. Jan. 10, 2018) (dismissing claim based on $100 booking fee because it "involves a routine matter of accounting based on a fixed fee"). Although a plaintiff might be able to challenge the constitutionality of such fees if those fees were coupled with unconstitutional conditions of confinement, *see Duran v. Merline*, Civ. A. No. 07-3589, 2008 WL 9846824, at *7 n.6 (D.N.J. Mar. 11, 2008), Sourbrine has not alleged that he has been subjected to unconstitutional conditions. Accordingly, Sourbrine's challenge to the assessment and deduction of the $100 booking fee from his inmate account fails to state a claim.[4]

---

[4] To the extent that Sourbrine attempts to assert a claim "for the benefit of all prisoners, present and in the future" (ECF No. 2 at 5), Sourbrine lacks standing to pursue a claim on behalf of all prisoners because a non-attorney proceeding *pro se* may not represent others in federal court. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A]

4

## B. Official Capacity Claim

Although Sourbrine has indicated his intent to sue David Byrn in his official capacity (ECF No. 2 at 2), his official capacity claim against Byrn fails. Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Accordingly, the official capacity claim against Byrn is essentially a claim against Delaware County.

A municipality or local government entity is not liable under § 1983 based solely on an allegation that an employee of that entity committed a constitutional violation. *See Monell*, 436 U.S. at 691. Rather, a municipality or a local government entity is only liable under § 1983 if a policy or custom of that entity caused the constitutional violation in question. *Id.* at 694. Again, because no constitutional violation occurred with respect to the assessment of the $100 booking fee, the Court will dismiss Sourbrine's claim against Byrn in his official capacity.

## C. Claim Based on Access to Law Library

Although the focus of the Complaint is Sourbrine's due process challenge to the booking fee, he also avers he had "inadequate time in the law library" and requests that the Court issue an order which would permit him "more than one day per week for one hour of time in the law library." (ECF No. 2 at 4, 6.) To the extent that Sourbrine is asserting a claim based on denial of

---

plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

5

access to the courts, it is not plausible as pled, it does not appear to be connected with the assessment and collection of booking fees by the George W. Hill Correctional Facility, and, therefore, may not be properly joined to that claim in this lawsuit.

"A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.*

Here, Sourbrine merely alleges "inadequate time in the law library." (ECF No. 2 at 4.) He fails to allege any additional facts regarding the nature of any underlying cause of action or how a nonfrivolous and arguable claim was lost because he was denied access to the law library. Sourbrine's generalized, conclusory statement is insufficient to state a plausible access to the courts claim as he has not alleged any actual injury to his case. Accordingly, this claim will be dismissed from the current action.

Because any access to the courts claim is unrelated to the balance of Sourbrine's booking fee claim, it is subject to severance under Federal Rule of Civil Procedure 21. Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if: (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any

question of law or fact common to all defendants will arise in the action." "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

"But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *McKinney v. Prosecutor's Office*, Civ. A. No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Indeed, "[t]he courts[] . . . have frowned on prisoners' attempts to lump together their multifarious grievances about life in a single prison, let alone multiple prisons." *McKinney*, 2014 WL 2574414, at *15. To remedy a misjoinder, a Court may add or drop a party or sever any claims. Fed. R. Civ. P. 21. "A district court has broad discretion in deciding whether to sever a party pursuant to Federal Rule of Civil Procedure 21." *Boyer v. Johnson Matthey, Inc.*, Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004).

Here, the factual allegations concerning any alleged denial of access to the courts would present a distinct set of events. For this reason, Sourbrine will not be granted leave to amend his current Complaint to raise the claim, but he is free to assert the claim in a separate lawsuit.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Sourbrine leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim upon which relief may be granted. The Complaint is dismissed with prejudice since any amendment of a claim based upon a constitutional challenge to the assessment of a booking fee would be futile.

7

Sourbrine, however, is free to assert any claim concerning any alleged denial of access to the courts in a separate lawsuit. An appropriate Order follows.

**BY THE COURT:**

_____
JUAN R. SÁNCHEZ, C.J.